UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VEOLIA TRANSPORTATION SERVICES, INC.

                                                            Case No. 09-14367

Plaintiff,                                            Hon. Victoria A. Roberts

v.

THE CITY OF DETROIT,

Defendant.

_____

## ORDER GRANTING MOTION FOR LEAVE TO FILE
## FIRST AMENDED ANSWER AND COUNTER-COMPLAINT

**I.    INTRODUCTION**

This is a breach of contract action between Plaintiff Veolia Transportation Services, Inc. and Defendant City of Detroit ("Defendant" or "the City"). Plaintiff alleges it is owed millions of dollars under a contract to provide paratransit transportation services for the City. Defendant alleges it overpaid Plaintiff for its services.

The matter is now before the Court on Defendant's Motion for Leave of Court to File First Amended Answer and Affirmative Defenses to Complaint and First Amended Counter Complaint [Doc. #21]. Defendant seeks to amend its answer, affirmative defenses and counter-complaint to allege that Plaintiff did not have Certificates of Authority to provide transportation services in the State of Michigan, as required by the Limousine Transportation Act, MCL 257.1901 *et seq.*, and the Motor Bus Transportation Act, MCL 474.101 *et seq.* ("the Acts").

1

The matter was fully briefed. For the reasons stated, the Court **GRANTS** the Motion.

## II. DISCUSSION

Under Federal Rule of Civil Procedure 15(a)(2), the Court should give leave for a party to amend its pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). As the United States Court of Appeals for the Sixth Circuit has noted, Rule 15(a) supports the "principle that cases should be tried on their merits" and not on technicalities, and thus "assumes 'a liberal policy of permitting amendments.'" *Inge v. Rock Fin. Corp.*, 388 F.3d 930, 937 (6th Cir. 2004) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986)). Accordingly, when a party decides "to advance a new claim as a result of [] discovery" Rule 15(a) provides for "liberal amendment to the complaint." *Tucker v. Union of Needletrades, Indust. & Textile Employees*, 407 F.3d 784, 788 (6th Cir. 2005).

Several factors influence whether the Court should allow a party to amend its pleading including "undue delay in filing, lack of notice to opposing party, bad faith by the moving party, undue prejudice to the opposing party, and futility of the amendment." *Seals v. Gen. Motors Corp.*, 546 F.3d 766, 770 (6th Cir. 2008) (citing *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 459 (6th Cir. 2001)).

Furthermore, in considering the issue of prejudice, the Court must ask whether allowing a party to amend the pleadings would "require the opponent to expend significant additional resources to conduct discovery and prepare for trial" or cause considerable delay in resolving the dispute. *Phelps v. McClellan*, 30 F.3d 658, 662-63 (6th Cir. 1994).

This Motion comes seven months after Defendant filed its Answer, Affirmative Defenses and Counterclaims. Defendant asserts that it first learned in April or May 2010 that Plaintiff never had been properly certified. It says the contract required Plaintiff to comply with all federal, state and local laws, regulations and requirements, and that Plaintiff certified that Defendant contends that Plaintiff's failure to obtain Certificates of Authority from the Michigan Department of Transportation ("MDOT") constituted a material breach of the contract, and that denial of leave to amend would be unfair.

Plaintiff asserts that amendment would be futile because it was not required to comply with the Acts. First, Plaintiff notes that the Acts do not apply to cities, which are specifically excluded. It says that because the City exercised pervasive control over Plaintiff's performance, pursuant to federal ADA regulations, Plaintiff acted as the City's agent, making Plaintiff exempt from the Acts' certification requirements. Plaintiff also points out that some sections of the Acts define a "person" to include both a city and its agents. Plaintiff cites *People v. Moore*, 180 Mich. App. 301 (1989) and *United States v. District of Columbia*, 571 F.2d 651 (D.C. 1977) for the proposition that a principal's exemption extends to its agent. These cases are not on point.

*Moore* addressed whether the exclusionary rule operated to preclude the testimony of an private investigator, who was found to be an agent of a local police department, due to his failure to obtain a license, in violation of the Michigan Private Detective License Act. This case, by contrast, does not involve the question of whether evidence in a criminal prosecution should be suppressed due to a statutory violation.

*United States v. District of Columbia* similarly arose in a different context. There,

the question was whether the District of Columbia could enforce local motor vehicle registration, inspection and guide licensing regulations against a carrier who operated a shuttle service between the national Mall and a parking lot 2 miles away, both within the District of Columbia. The court held the Secretary of the Interior's exclusive control over the shuttle service precluded application of local laws relating to vehicle registration and inspection and tour guide licensing. This case, on the contrary, does not involve the issue of federal preemption.

While it is true that the Acts specifically exclude cities and other listed exempt entities from the certification requirement, there is no explicit exclusion for delegees or agents. MCL 474.104(1)(a); MCL 257.1905(1)(a). Thus, it is irrelevant whether other sections of the Acts refer to agents and whether Plaintiff could be considered the City's agent. *See FDIC v. Bates*, No. 93-3800, 42 F.3d 369, 372 (6th Cir. 1994) (specific statutory language prevails over general statutory language. Moreover, the parties' contract specifically provides that their relationship was one of independent contractor, and that no other relationship shall be implied. Pl. Motion, Doc. 21, Exh. A.

Next, Plaintiff argues that the Acts only apply to transportation providers that operate "for hire" by the general public. Plaintiff says a city bus is not considered "for hire" like a taxicab, stretch limousine, or party bus.

The Acts specifically define "for hire" as "remuneration or reward of any kind, paid or promised, either directly or indirectly." MCL 474.103(c); MCL 257.1903(c). Plaintiff was to receive compensation of more than $47 million for its transportation services under the contract. Plaintiff also received direct fares from individual riders. Thus, even if the collected fares were deducted from the amount owed to Plaintiff, as it

4

asserts, Plaintiff can be said to have been for hire as defined by the Acts.

Plaintiff also argues that because users of paratransit transportation services must apply and be found eligible by the City, Plaintiff was not providing services to the general public, and therefore did not meet the definition of a "carrier of passenger" under the Acts. Citing *University of Michigan Board of Regents v. Department of Treasury*, 217 Mich. App. 665, 553 N.W.2d 349 (1996), Plaintiff argues that where services are limited to selected applicants, those services are not available to the general public. *University of Michigan Board of Regents* is inapposite to this case.

In *University of Michigan Board of Regents.,* the Michigan Court of Appeals considered whether housing accommodations for students in the executive development program were subject to the state use tax. The appeals court found that because the accommodations were only available to admitted students and their approved guests, and the provision of housing for program students was not done with object of financial gain, but rather was to facilitate the educational purpose of the program through on-site residency, the lodging was not subject to the use tax. *Id.* at 674. Critical to the court's holding was its finding that the university did not provide student housing with the object of gain, benefit or advantage, direct or indirect. *Id.*

As Defendant aptly notes, the Acts do not require a carrier to serve the general public. They require only that a carrier hold oneself out to the public as a transporter of passengers. MCL 474.103(f); MCL 257.1903(f). The Acts define "public" as that part or portion of the general public which the motor carrier is ready, able, willing, and equipped to serve. MCL 474.103(i); MCL 257.1903(i). It is undisputed that Plaintiff was willing to serve users of paratransit service. Thus, the *University of Michigan Board of Regents*

5

court's determination of what constitutes the general public is irrelevant since the statutes at issue specifically define the term.

MDOT, through the affidavit of David Sucha, has interpreted the Acts to require Plaintiff to obtain Certificates of Authority in order to lawfully transport passengers in Michigan. For purposes of this Motion, the Court defers to that interpretation. See *Thomas Jefferson Univ. v. Shalala*, 512 U.S. 504, 512, 129 L. Ed. 2d 405, 114 S. Ct. 2381 (1994) (A court's review of an agency's interpretation of its own regulations is highly deferential.).

Lastly, Plaintiff argues that Defendant is estopped from asserting Plaintiff's lack of a certification as a claim or defense because the City accepted its services without reliance on the Acts.

The elements of estoppel are: (1) conduct or language amounting to a representation of fact; (2) the party to be estopped must be aware of the true facts; (3) the party to be estopped must intend that the representation be acted on such that the party asserting the estoppel has the right to believe it was so intended; (4) the party asserting the estoppel must be unaware of the true facts; and (5) the party asserting the estoppel must detrimentally and justifiably rely on the representation. *Anderson v. Int'l Union*, 370 F.3d 542 (6th Cir. 2004), citing *Brown-Graves Co. v. Central States, Southeast & Southwest Areas Pension Fund*, 206 F.3d 680, 684 (6th Cir. 2000).

Plaintiff says that because the City acquiesced to and accepted the benefits of Plaintiff's performance, it cannot now seek to invalidate the contract and avoid payment based on its certification arguments. Plaintiff cites *Kirkendall v. Heckinger*, 105 Mich App. 621, 307 N.W.2d 699 (1981) as support.

In *Kirkendall,* prior to remand, the Michigan Supreme Court had affirmed that an unlicensed contractor cannot sue for breach of contract under the residential building licensing act. *Kirkendall v. Heckinger*, 403 Mich. 371, 374 (1978). However, because the plaintiffs also sought equitable relief, the Supreme Court affirmed the trial court's finding that a conveyance of property between the parties was an equitable mortgage, and held that due to their mortgagor-mortgagee relationship, before reconveyance the unlicensed contractor/mortgagee was entitled to recover the value of improvements to the property. *Id.* Here, the City's proposed counterclaim seeks no such equitable relief. *Kirkendall*, therefore, does not support Plaintiff's estoppel argument.

Plaintiff claims that the City knew or should have known that Plaintiff did not possess certificates of authority. The City denies such knowledge, and says it relied on Plaintiff's certification that Plaintiff was authorized under Michigan law to provide the contracted for services, and that Plaintiff would continue to meet all federal, state and local licensing requirements. Thus, Plaintiff has not established two essential elements of its estoppel theory – the City's awareness of the lack of certification and its intention to acquiesce in Plaintiff's performance despite the lack of certification.

Moreover, Plaintiff arguably may not be entitled to rely on an estoppel theory if it committed a statutory violation. See *Meyers v. Moody*, 693 F.2d 1196, 1208 (5th Cir. 1982), cert. denied, 464 U.S. 920, 78 L. Ed. 2d 264, 104 S. Ct. 287 (1983) ("A party may not invoke an estoppel for the purpose of shielding himself from the results of his own fraud, dereliction of duty, or other inequitable conduct.").

There is no evidence that the City engaged in bad faith in bringing this Motion, nor has there been a repeated failure to cure deficiencies by amendment; this is the

City's first request for leave for amendment. It does not appear that additional discovery will be required if the Court allows amendment, and Plaintiff makes no such allegations of undue prejudice. Lastly, the amendments would not be futile, because Defendant might be able to prove that lack of proper certification is a material breach of the contract.

Accordingly, the Court **GRANTS** Defendant's Motion for leave to file an amended answer and affirmative defenses to the complaint and a first amended counter-complaint. The amended pleadings must be filed by September 3, 2010.

**IT IS ORDERED**.

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: August 26, 2010

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on August 26, 2010.

s/Linda Vertriest
Deputy Clerk